IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BRENT TAYLOR,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>AARON BERGQUIST et al.<br><br>　　　　　Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>**Case No. 2:15cv00727-JNP-PMW**<br><br>**District Judge Tena Campbell**<br><br>**Magistrate Judge Paul M. Warner** |

　　　　This matter was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Brent Taylor's ("Plaintiff") motion for leave to file a first amended complaint.[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

　　　　Under rule 15(a)(2) of the Federal Rules of Civil Procedure, "[t]he court should freely give leave" to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend is liberally granted to allow related issues to be decided together and on the merits. In general, a court may refuse leave to amend only on "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments

---

[1] Docket no. 13.

[2] Docket no. 24.

previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005) (quotations and citation omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999).

Defendants Aaron Bergquist, St. George City, and Jon Pike (collectively "Defendants") fail to establish undue delay or undue prejudice, bad faith, or a dilatory motive. Similarly, Defendants fail to establish for purposes of this motion that the amendment would be subject to dismissal and thus clearly futile. Accordingly, Plaintiff's motion for leave to file the first amended complaint is **GRANTED**.[3] Within 7 days of the date of this order, Plaintiff shall file his amended complaint. In light of the court's ruling, Defendants' motion for summary judgment based on the superseded complaint is **MOOT**.[4] Counsel for the parties are directed to confer and jointly file a proposed amended scheduling order within 14 days of the date of this order.

**IT IS SO ORDERED**.

DATED this 15th day of June, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] Docket no. 24.

[4] Docket no. 17.