# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| **BRENT TAYLOR,**  Plaintiff,  v.  **AARON BERGQUIST et al.**  Defendants. | **MEMORANDUM DECISION AND ORDER**  **Case No. 2:15cv00727-JNP-PMW**  **District Judge Tena Campbell**  **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] Before the court is Plaintiff Brent Taylor's ("Plaintiff") motion for a protective order.[2] Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

On January 15, 2016, counsel for Defendants Aaron Bergquist, St. George City, and Jon Pike (collectively "Defendants") served the notice of deposition of Plaintiff. Counsel sent an amended notice on January 20, 2016. Plaintiff appeared for his deposition on February 9, 2016 at the Salt Lake City offices of Defendants' counsel. During the deposition, counsel agreed that an additional day of deposition was required. On May 31, 2016, Defendants' counsel emailed an

---

[1] Docket no. 13.

[2] Docket no. 26.

amended deposition notice with the deposition to resume in St. George.  Plaintiff appears to reside and work in St. George.

Plaintiff brought the current motion seeking a protective order requiring the deposition to continue in Salt Lake City, not St. George.

"The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."  Fed. R. Civ. P. 26(c)(1)(B).  The burden is on the party seeking the protective order to show good cause.  *See Reed v. Bennett,* 913 F.R.D. 689, 691 (D.Kan. 2000).

Plaintiff fails to establish good cause.  Plaintiff does not show any "annoyance, embarrassment, oppression, or undue burden or expense" caused by changing the deposition location under the circumstances, particularly since Plaintiff lives and works in St. George.  Further, it appears that Plaintiff's conduct may have made the second day of deposition necessary.  Accordingly, Plaintiff's motion for protective order is **DENIED**.[3]

**IT IS SO ORDERED**.

DATED this 16th day of June, 2016.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] Docket no. 26.